**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**ATTALA STEEL INDUSTRIES, LLC**                                    **PLAINTIFF**

**v.**                                                    **CAUSE NO.: 4:24-cv-53-SA-JMV**

**THE TRAVELERS INDEMNITY**
**COMPANY OF AMERICA**                                            **DEFENDANT**

**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY AND DENYING**
**MOTION FOR TEMPORARY STAY**

**THIS MATTER CAME BEFORE** the Court on the Motion to Withdraw as Counsel and

for a Temporary Stay [Doc. 226], requesting (1) the withdrawal of counsel Michael V. Pepe and

Janie R. Eddy, of Saxe Doernberger & Vita, P.C., on behalf of Plaintiff, Attala Steel Industries,

LLC; and (2) for a stay of all proceedings and deadlines for sixty (60) days[1] to allow newly

appointed lead counsel to become fully informed regarding the matters at issue.

The Court, having considered the motion, finds the Motion to Withdraw is well-taken, and

it is hereby **GRANTED**; however, the request for a stay is **DENIED** for the reasons detailed below.

This is an insurance coverage dispute that was removed to this Court on June 12, 2024, that

arises from Travelers' alleged wrongful denial of Attala Steel's insurance claim (the "Claim"). The

details giving rise to this claim have been repeatedly described in prior opinions of this Court. See

[Doc. 171; 178]. In the interest of efficiency, the background will not be reiterated herein except

for the Court's notation that there have already been two trial continuances in this matter. Trial was

first continued following a joint request from the parties [Doc. 93; 95] and was later continued at

the request of the Plaintiff [Doc. 191; 200; 201].

---

[1] The instant motion requests a 30-day stay in the introductory paragraph, but a 60-day stay in paragraph 7 and the
closing paragraph. Chambers conferred with counsel after the motion was filed, and was advised the Plaintiff seeks a
60-day stay.

The trial is presently noticed for June 22, 2026 [Doc. 204], fact discovery is due by December 30, 2025, and dispositive motions must be filed by January 30, 2025.

**The Motion to Withdraw**

The portion of the instant motion requesting withdrawal of Pepe and Eddy, both of whom currently appear as counsel *pro hac vice* for Plaintiff, is unopposed by Defendant and consented to by Plaintiff. Plaintiff argues that:

> Good cause exists for withdrawal under Mississippi Rules of Professional Conduct l.16(b) and Local Rule 83 .1(b)(3), as continued representation has become impracticable for reasons that cannot be fully set forth on the public record without risk of prejudice to the client or revealing privileged or confidential information.

[Doc. 226] at 1.

Furthermore, Plaintiff argues that "[w]ithdrawal can be accomplished without materially adverse effect on the interests of the Plaintiff, as Attala Steel is still represented by attorneys Dorsey R. Carson, Jr., Kathryn Goff, and Harli Sesser, of Carson Law Group, PLLC." *Id.* at 2. The Court concurs and finds that the unopposed request for withdrawal of Pepe and Eddy shall be granted.

**The Motion to Stay**

The instant motion also requests a 60-day temporary stay, which is opposed by Defendant. As a basis for the stay, Plaintiff argues:

> Plaintiff Attala Steel is in the process of selecting new lead counsel. The requested temporary stay will facilitate an orderly transition and avoid prejudice to any party.
> . . .
> To ensure a seamless transition of representation, the undersigned respectfully requests, from the date of the Court's order on this Motion, a stay for sixty (60) days of all deadlines, discovery, and other proceedings, including new motions being filed, or for such period as the Court deems appropriate, with the sole exception being for briefing on current motions.
> . . .
> A 60-day pause will allow newly appointed lead counsel to review the record, evaluate pending issues, and confer with the client without unduly burdening the Court or opposing parties.
> . . .

> The requested stay is limited in scope and duration and will not materially delay the progress of the case.

*Id.* No memorandum brief was filed with Plaintiff's motion as required by L.U. Civ. R. 7(b)(4).

> In response, Defendant argues:

> Plaintiff has not demonstrated a need for a stay of these proceedings. At this point in time, all pending motions are fully briefed and awaiting adjudication; expert discovery is complete; and all fact discovery is complete, save for the very limited additional discovery permitted under the Court's Order of October 21, 2025 that granted, in part, Plaintiff's latest Motion to Extend the Fact Discovery and Related Deadlines [Doc. No. 201]. That Order restricts the subject matter of additional discovery to "only such matters as are relevant to establishing or disproving the three new affirmative defenses or their relevance to the merits of this case," [Id. at p. 4] and limits the discovery events to: (i) seven interrogatories per party; (ii) seven requests for production per party; (iii) seven requests for admission; and (iv) two depositions per party (subject to specific limitations). [Id.].1 The parties were allotted seventy (70) days (until December 30, 2025) to complete this discovery, which should be more than sufficient time.

[Doc. 232] at 4-5.

Furthermore, Defendant correctly asserts that a stay of any duration would require the Court to continue the trial "yet again." *Id.* at 5. As the parties have been advised since the Case Management Conference on August 21, 2024, Chief District Judge Brown requires five months between the dispositive motions deadline and the trial date. Accordingly, any stay of the case would necessitate a trial continuance, and there is no pending motion to continue the trial date.

In its reply, Plaintiff argues that the Court has "already recognized resident counsel's limited, supportive role" by virtue of the undersigned granting a joint request for local counsel for both Plaintiff and Defendant to attend certain depositions via videoconference. [Doc. 234]. The Court does not find this argument convincing. Nowhere in the Court's order did it find that local counsel only served a limited, supportive role; the order merely granted the joint relief requested by the parties "[i]n order to spare the parties the additional expense associated with having multiple lawyers travel to make personal appearances at in-person depositions in various jurisdictions, the

parties respectfully request leave for their resident counsel to have the option to appear and participate remotely in all depositions." [Doc. 116; 117].

The law is clear that "District Courts have the authority to manage their dockets and discretion to stay proceedings. *Golden Rule Fasteners Inc. v. Neverleak Co., LP*, No. 3:17-CV-249-MPM-JMV, 2019 WL 257983, at *2 (N.D. Miss. Jan. 17, 2019), citing *Peavey Elecs. Corp. v. Music Grp. Servs. US, Inc.*, No. 3:13-CV-934-HTW-LRA, 2014 WL 12323520, at 2 (S.D. Miss. Mar. 10, 2014). In exercising such discretion, Courts consider the following factors to determine whether the benefits of the stay outweigh the burdens of the stay: 1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; 2) whether stay will simplify the issues in question and the trial of the case; and 3) whether discovery is complete and a trial date has been set. *Id.*

Having considered the three factors, it is evident that the burdens of a stay outweigh the benefits of a stay at this juncture. The limited fact discovery expires in approximately five weeks, dispositive motions are due at the end of January, and the trial date has already been reset twice. Plaintiff has four attorneys that will remain as counsel once Pepe and Eddy are relieved of their duties. Accordingly, the motion to stay is denied.

## Conclusion

**THEREFORE**, the Court being fully advised in the premises does find that the instant motion [Doc. 226] shall be **GRANTED IN PART AND DENIED IN PART**. Michael V. Pepe and Janie R. Eddy, of Saxe Doernberger & Vita, P.C. shall be and are hereby relieved of further responsibility and are terminated as counsel for Plaintiff. Attorneys Dorsey Reese Carson, Jr., Harli Malone Sesser, Kathryn P. Goff, and Nicholas James Toca shall continue representation of Plaintiff. The request for a 60-day stay shall be and is hereby **DENIED.**

**SO ORDERED** this, the 25th day of November, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**