IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ATTALA STEEL INDUSTRIES, LLC**            **PLAINTIFF**

**v.**            **CAUSE NO.: 4:24-cv-53-SA-JMV**

**THE TRAVELERS INDEMNITY**
**COMPANY OF AMERICA**            **DEFENDANT**

**ORDER DENYING MOTION TO COMPEL**

This matter is before the court on the motion of Defendant, The Travelers Indemnity Company of America, to compel production of wrongfully withheld/redacted documents by Plaintiff and by nonparty RSC Insurance Brokerage d/b/a Risk Strategies [Doc. 236]. Specifically, Defendant seeks, "pursuant to Fed. R. Civ. P. 37(a) and Local Rule 26(a)(3) and 37 . . . an order compelling Plaintiff . . . to fully and immediately comply with Travelers' First Set of Requests for Production dated December 2, 2024, and non-party RSC Insurance Brokerage d/b/a Risk Strategies ("Risk Strategies") to fully and immediately comply with Travelers' March 2025 subpoena duces tecum." [Doc. 236] at 1. For the reasons detailed below, the Court finds that the motion to compel is not well-taken and shall be denied.

**Background**

The procedural history of this litigation has been recounted in various filings. Thus, and for efficiency purposes, I will not do so again here except as is critical to an understanding of undersigned's ruling on the instant motion.

The record will reflect that on August 22, 2025, long after the suit was filed, Defendant sought leave to amend its affirmative defenses to include three additional ones (16-18), each alleging, in one form or another, that Plaintiff had knowingly breached their disclosure obligations under the subject policy, thereby voiding coverage [Doc. 132]. The motion for leave to amend was

1

vigorously opposed by the Plaintiff who argued, principally, that coming, as it did, so late in the discovery period (approximately 50 days before the then current close of discovery set to run on October 10, 2025), it would unfairly prejudice Plaintiff to permit it [Doc. 155; 156]. In reply, Defendant argued (and I found persuasively so), that the failure to have brought the motion to amend on previously was due to Plaintiff's own conduct, including withholding disclosure of the information and documents giving rise to the additional defenses [Doc. 162]. Consequently, I granted the motion to amend on September 29, 2025 [Doc. 171]. The newly added affirmative defenses are as follows:

- Sixteenth Affirmative Defense-Attala Steel violated the "Concealment, Misrepresentation or Fraud" condition of the Policy, and that coverage is voided as a result;

- Seventeenth Affirmative Defense (in reference to the property and records section of the Policy) Attala Steel concealed documents from Travelers and by doing so, it materially breached the "Duties in the Event of Loss or Damage" condition; and

- Eighteenth Affirmative Defense, (in reference to the cooperation clause of the Policy) Attala Steel concealed documents and breached the "Duties in the Event of Loss.

Amended Answer [Doc. 172].

As of the time of the amendment—and relevant to the instant motion—Defendant had long since propounded (on December 2, 2024) its first set of requests for production of documents, comprising 38 separate requests [Doc. 57]. A labyrinth of document productions in response, including a privilege log or logs were produced.[1] A second set of requests for production of

---

[1] It appears from the docket that on January 16, 2025, Plaintiff filed its original notice of objection and responses to these requests for production [Doc. 60]. On February 4, 2025, Plaintiff filed a notice of objection and responses to the first set of interrogatories [Doc. 69], and filed a supplemental production of documents on February 12, 2025 [Doc. 70], March 13, 2025 [Doc. 83; 85], March 20, 2025 [Doc. 89], April 1, 2025 [Doc. 100], and April 28, 2025 [Doc. 109].

2

documents was propounded by Defendant to Plaintiff on August 22, 2025 [Doc. 135].[2] A copy of the responses and objections dated January 16, 2025, are attached to the motion to compel as Exhibit 21 (of a total of 26 exhibits).

Defendant had also served, as of April 11, 2025, a subpoena for document production on non-party RSC, which had also been responded to prior to allowance of the aforesaid amendment. A copy of the subpoena is attached as Exhibit 23 to the instant motion.[3] The subpoena was objected to in a number of respects by letter from Plaintiff's counsel, but apparently some documents were subsequently produced, while others were withheld or redacted.

No additional discovery was propounded following the September 30, 2025, amended answer, but on the last day of the discovery period, October 10, 2025, Plaintiff moved to extend the discovery deadline, arguing in support that it needed additional time to conduct discovery on the subject of the three new affirmative defenses [Doc. 191]. Defendant opposed the motion arguing that no discovery was needed [Doc. 198]. On October 21, 2025, the undersigned entered an order [Doc. 201] granting the motion in part, and extending the discovery deadline, but did so in a narrowly tailored fashion, as follows:

---

[2] A notice of responses and objections to the second set of requests for production of documents was filed on September 19, 2025 [Doc. 166], and on October 10, 2025 [Doc. 183].

[3] The subpoena seeks:
1. All communications, contracts, agreements, memoranda of understanding, invoices, and other documents constituting or concerning any consulting, advisory or other service provided, or proposed to be provided, by RSC to Attala Steel or MiddleGround. This request seeks documents created at any time during the period January 1, 2020 to the date of RSC's response to this Subpoena. . . .
3. All communications and other documents concerning the Kettle Failure…
5. All communications and other documents concerning any investigation into the cause(s) of the Kettle Failure. . . .
9. All communications and other documents concerning insurance coverage under the Policy for any loss, damage, or expense caused by or attributed to the Kettle Failure.
10. All communications and other documents concerning Travelers' denial of coverage for the Insurance Clain, or any response to that denial of coverage.
11. All communications and other documents concerning the Insurance Claim. . . .
13. To the extent not otherwise responsive to the above requests, the complete contents of all electronic and hard copy files created or maintained by RSC concerning the Kettle Failure, any loss or damage claimed by Attala Steel, the Insurance Claim, or the Litigation.

3

> The undersigned grants a 70-day extension of the fact discovery deadline to begin on the date of this order and extend through December 30, 2025. Each party may propound no more than seven (7) interrogatories, seven (7) requests for production, and seven (7) requests for admission, as well as notice two depositions; provided however, any witness who was deposed between September 29, 2025, and October 11, 2025, may not be deposed again. Discovery, and discovery-related motions, are further limited to only such matters as are relevant to establishing or disproving the three new affirmative defenses or their relevance to the merits of this case.

[Doc. 201] at 4.

Though Plaintiff thereafter filed a notice on the docket to indicate service of additional discovery on the subject of the new affirmative defenses, *the defendant did not propound any additional discovery related to the three new affirmative defenses.* Rather, the Defendant filed, on November 26, 2025, only the instant motion to compel responses to its first set of document discovery requests to Plaintiff, and its subpoena of Risk Strategies. By its motion, Defendant seeks production of all of the documents identified in response to that set of document requests and subpoena which were withheld based on alleged privilege (attorney client and/or work product). Presumably—given Defendant's vigorous argument that its motion to amend to assert the three new affirmative defenses was so late was due to the fact that it was previously unaware of the information that gave rise to those defenses—the Defendant's first set of document requests and its subpoena of Risk Strategies (made and responded to well before that time) did not concern the three affirmative defenses.

**The Instant Motion to Compel**

As for the particulars of the instant motion to compel, Travelers does not recite all the document requests or category of subpoenaed records at issue, or identify the responses or objections made to the requests for production or subpoena. Rather, the motion seeks the compelled production of every document, in an unredacted form, previously identified by Plaintiff

4

or Risk Strategies in response to Defendant's first set of requests for production or subpoena, as applicable, as privileged. Generally, Defendant argues the documents are all relevant because,

> [b]ased on Travelers' review of other communications produced in discovery, and of the redacted communications at issue here, it appears that the improperly withheld/redacted documents include, *inter alia*, evidence relating to Plaintiff's withholding of material facts and documents from Travelers in response to Travelers' requests in May 2023 and October 2023 and the background behind certain materially false statements contained in Withdrawn Counsel's rebuttal letter of September 19, 2023. Such communications and documents are directly relevant to Travelers' Sixteenth, Seventeenth, and Eighteenth Affirmative Defenses…

[Doc. 237] at 18-19.

Defendant argues that any privilege claimed has been waived because, though the documents sought are apparently communications involving the Plaintiff and its counsel, all—or most—include nonparty Risk Strategies as the author, addressee, or otherwise as a recipient. Risk Strategies, they contend, was not Plaintiff's representative and did not facilitate communications between Plaintiff and its counsel. They further argue, citing Mississippi Rule of Evidence 502(b), waiver based on the Plaintiff's prior production to them of other communications between Plaintiff its counsel and Risk Strategies. And, as for work product, they argue there has been no showing by Plaintiff that the documents were prepared in anticipation of litigation.

The instant motion and memorandum are a collective thirty-two pages, not including attached exhibits comprising five hundred thirty-one additional pages. It was filed on November 26, 2025.

Plaintiff and RSC responded separately to the motion.

Plaintiff argues first that the motion is untimely, inasmuch as the only post October 10, 2025, discovery or motion practice permitted by the Court's order of October 21, 2025, was limited to addressing the three new defenses. *See* [Doc. 201]. Since the instant motion to compel concerns

5

discovery that was propounded early on and did not concern the then unknown defenses, any motion in relation to the same is untimely.

Secondly, Plaintiff argues that pursuant to Local Uniform Civil Rule 7(b)(2)(C), "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court, and time to effectuate the court's order before the discovery deadline." As the current discovery period ended on December 30, 2025, Defendant's late filed motion was not filed sufficiently in advance of the discovery deadline, and thus, should be denied.

Thirdly, pursuant to the Court's Case Management Order [Doc. 38], before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1), but here, counsel for Defendant failed to first confer in good faith with Plaintiff's Counsel and did not comply with Local Uniform Civil Rule 37.

Fourthly, Plaintiff argues that Defendant failed to meet its burden to establish the necessity of the documents, their relevance, and the prejudice it suffered. Namely, Plaintiff argues Defendant cannot demonstrate any prejudice, since it denied the claim. In support of this argument, Plaintiff cites *Freeman v. United States*, 556 F.3d 326, 341-342 (5th Cir. 2009).

Fifthly, as Plaintiff's insurance broker, Risk Strategies' communications with or inclusion of Plaintiff's counsel on communications involving it are protected by attorney-client privilege, the attorney work product doctrine, and common interest privilege. In support of this argument, Plaintiff relies on *Killebrew v. City of Greenwood, Miss.*, No. 4:95CV355-B-B, 1997 WL 208140, at *2 (N.D. Miss. Apr. 11, 1997).

Lastly, Plaintiff contends Defendant has not made a showing that Plaintiff waived its right to assert privilege over the documents by virtue of disclosure of like documents, citing in support thereof the specific provision of the CMO that reads:

6

> Pursuant to FED. R. EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

Case Management Order [Doc. 38].

Plaintiff's response [Doc. 251], which was filed on December 12, 2025, following a brief two-day unopposed extension, is four pages in length and the memorandum [Doc. 252] is thirteen pages in length.

As noted, Risk Strategies filed its own separate response in opposition [Doc. 249] and memorandum [Doc. 250], arguing essentially the same defenses as Defendant, but including the additional defense that the motion was not brought in the place of compliance, i.e. New York.

Risk Strategies' response in opposition and memorandum are twenty-one pages in length. These documents were also filed on December 12, 2025.

Defendant's reply, making the motion ripe so that it might be taken under consideration by the Court, was filed on December 18, 2025 [Doc. 256]. The reply (including a forty-nine-page declaration) is an additional fifty-eight pages in length. In it, Defendant argues Plaintiff's claim of attorney client privilege is not proper because Plaintiff and Risk Strategies have failed to establish a client representative relationship between them intended to facilitate legal services. In support, Defendant asserts, without specifying any particular entry (there are over 150 entries on the privilege log at issue), that Plaintiff is required, in order to maintain a privilege claim, be it work product or attorney client, to "make a document-by-document, recipient-by-recipient showing." [Doc. 256] at 2.

Moreover, Defendant asserts Plaintiff may not rely on the joint defense/common interest privilege (CIP) as it protects the attorney client privilege under Mississippi law only where the parties seeking protection under the CIP are co-parties in pending litigation at the time the

7

communication is made. *United Invs. Life Ins. Co. v. Nationwide Life Ins. Co.*, 233 F.R.D. 483, 488 (N.D. Miss. 2006) (citing MISS. R. EVID. 502). Separately, they assert under federal law governing the work product doctrine, even disclosure to a party with a common legal interest such as a co-defendant waives protection. *Liberty Mut. Ins. Co. v. Tedford*, No. 3:07-cv-73-A-A, 2009 WL 2425841, *4 (N.D. Miss. Aug. 6, 2009).

Defendant additionally argues that Plaintiff's suggestion that documents concerning its misrepresentation to Defendant are not relevant as Defendant suffered no prejudice from the same is ill-founded, for among other reasons, "the obligations of candor and cooperation do not vanish after an initial denial—particularly where [as in the instant case] the insured requests reconsideration of the claim decision and ongoing interactions and representations with the insurer continue." [Doc. 256] at 5, n.5. Defendant also denies that it did not comply with L.U. Civ. R. 37(b), as it contends it "quotes the relevant requests and Plaintiff's actual objections [footnote omitted], and then explains why the objections lack merit." *Id.* at 7.

Fourth, Travelers insists it conferred in good faith as required by FED. R. CIV. P. 37(a)(1) and the Court's Case Management Order, which it contends is demonstrated in the included forty-nine-page declaration of counsel. Lastly, Defendant essentially argues the Court should overlook, for efficiency and practical purposes, Fed. R. Civ. P. 45's requirement that where a subpoena is to be performed outside a specified geographic limitation—as here, where the subpoena on Risk Strategies required performance in New York—a motion to compel its performance must be filed there.

**The Applicable Federal and Local Civil Rules of Procedure**

Pursuant to Local Uniform Civil Rule 7(b)(2)(C), "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the

8

court, and time to effectuate the court's order before the discovery deadline." L.U. CIV. R. 7(b)(2)(C). Pursuant to the Court's Case Management Order, before a party may serve any discovery motion, counsel *must* first confer in good faith as required by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 37(a)(1) reads:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

FED. R. CIV. P. 37(a)(1).

> Further, Local Uniform Civil Rule 37, which governs discovery motions, provide that:
>
> (b) Motions Must Quote Disputed Language. Motions raising issues concerning discovery propounded under Fed. R. Civ. P. 33, 34, 36, and 37 must quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed, and must state:
> (1) the specific objection
>   1. the grounds assigned for the objection (if not apparent from the objection itself); and
>   2. the reasons assigned as supporting the motion.
>
> The objections, grounds, and reasons must be written in immediate succession to the quoted discovery request. The objections and grounds must be addressed to the specific interrogatory, request for production, or request for admission and may not be general in nature.
> (c) Failure to comply with subsections (a) or (b) or this rule will result in denial of the motion without prejudice to the party, who may refile the motion upon conformity with this rule.

L.U. CIV. R. 37(b)-(c).

> Lastly, the Case Management Order in this matter states:
>
> Pursuant to FED. R. EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

Case Management Order [Doc. 38].

9

**Analysis**

The instant motion is due to be denied for a host of reasons, the most significant of which are addressed hereafter.

As of October 10, 2025, discovery in this case closed pursuant to the Case Management Order. The discovery that had been propounded and responded to by that date included, of course, the Defendant's first set of document requests and the subpoena issued to Risk Strategies. That discovery did not pertain to the three new affirmative defenses—and any suggestion that it did would fly in the face of Defendant's repeated representations to the contrary made in support of its motion for late leave to amend to assert those defenses. Additionally, as of October 10, 2025, Defendant had had over one month since the amendment to its complaint to seek any discovery or file a discovery motion related thereto, but elected not to do so.

In fact, when Plaintiff moved on the close of the discovery deadline on October 10, 2025, to extend it to allow for further discovery, Defendant vigorously argued that there was no need to extend the discovery deadline as no further discovery was warranted. Ultimately, the undersigned found that some very limited discovery on only the subject of the affirmative defenses would be allowed, and only as concerned that discovery could motions be filed. The parties were afforded 70 days to do so (to expire on December 30, 2025). Defendant, who had not previously propounded any discovery on the subject of the three new defenses—and presumably keeping with its protestation that none was needed—propounded none. Consequently, Defendant's suggestion that motion practice related to discovery that was not even propounded for that purposes of the three new affirmative defenses might properly be compelled under my order [Doc. 201] of October 21, 2025, is without any merit.

Moreover, the suggestion that the instant motion was, under the circumstances, filed in sufficient time so as to allow the Court an opportunity before December 30, 2025, to consider, issue an opinion on, and have the parties effectuate the same is not even colorable. Among other obvious reasons such a suggestion is wholly unrealistic are these:

- The motion, including the exhibits, is 535 pages in length;
- The memorandum in support of the motion is 28 pages in length;
- The response by Plaintiff to the motion is a collective 21 pages in length;
- The reply is 50 pages in length;
- The response by Risk Strategies is another 21 pages in length;
- The documents identified as privileged and which the Defendant seeks to have the Court rule on regarding privilege are roughly 150 in number, totaling in excess of 50,000 pages. To facilitate resolution of the motion in a timely fashion—by December 30, 2025, Defendant suggests the production to the undersigned of all fifty thousand plus pages, in camera, for review and decision on the claimed privilege; and
- The motion was not ripe until December 18, 2025.

Respectfully, I find the suggestion that this allowed for "meaningful time for full briefing and for judicial resolution of the issues" ridiculous. [Doc. 256] at 7.

Moreover, the motion seeks to compel production of documents produced in response to scores of discovery requests—albeit none concerning the new affirmative defenses—without even specifying which documents at issue are responsive to which of the various discovery requests, much less addressing the volume of objections unrelated to privilege asserted to each of those requests. In short, the suggestion that the motion complies with Local Uniform Civil Rule 37(b) is not colorable.

11

Likewise, as concerns Risk Strategies, the motion to compel is improper under Federal Rule of Civil Procedure 45, as it was not filed, as required, in the jurisdiction of performance.

In sum, I find that Defendant's out of time hail Mary effort to have the Court compel the wholesale the production of over 50,000 pages of documents that were claimed as privileged long ago is futile. To be sure, Defendant could have timely propounded selected discovery requests to Plaintiff seeking information related to its affirmative defenses, and then properly moved to compel the production of such documents if wrongfully withheld. Obviously, it elected not to do so, and consequently, its motion to compel is plainly without merit.

**THEREFORE**, Defendant's motion to compel [Doc. 236] shall be and is hereby **DENIED.**

**SO ORDERED** this, the 8th day of January, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**