**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| **ATTALA STEEL INDUSTRIES, LLC** | **PLAINTIFF** |
| **V.** | **NO. 4:24-CV-53-DMB-JMV** |
| **THE TRAVELERS INDEMNITY COMPANY OF AMERICA** | **DEFENDANT** |

## OPINION AND ORDER

The Travelers Indemnity Company of America objects to United States Magistrate Judge Jane M. Virden's order denying as untimely its motion to strike one of Attala Steel Industries, LLC's expert witnesses. Because Judge Virden's order on the motion to strike is neither clearly erroneous nor contrary to law, the objection will be overruled.

## I
## Relevant Procedural History

On May 13, 2024, Attala Steel Industries, LLC, filed a seven-count complaint in the Circuit Court of Attala County, Mississippi, against The Travelers Indemnity Company of America alleging "wrongful denial of insurance coverage with respect to losses sustained by [it] due to physical damage to [its] steel galvanizing kettle and furnace [in] Kosciusko, Mississippi." Doc. #3 at 2. Asserting diversity jurisdiction, Travelers removed the case to the United States District Court for the Northern District of Mississippi on June 12, 2024. Doc. #1. With leave of the Court, Attala filed an amended complaint against Travelers on August 19, 2024. Docs. #34, #35. The amended complaint contains seven counts: Breach of Contract (Count One); Declaratory Judgment (Count Two); Texas Prompt Payment of Claims Act (Count Three); Attorneys' Fees (Count Four); Texas Unfair or Deceptive Acts or Practices (Count Five); Breach of Good Faith

and Fair Dealing (Count Six); and Negligence, Tortious Breach of Contract, and Bad Faith (Count Seven).[1] Doc. #35 at 10–17.

On March 14, 2025, Attala served on Travelers its disclosure of Jared Kaufman as an expert witness. Doc. #87. On September 10, 2025, Travelers moved "to strike [Attala's] 'Disclosure of Expert Jared Kaufman, P.E.' … and to preclude Mr. Kaufman from giving expert testimony in this action, whether by affidavit, at hearing, at trial, or otherwise" because "[Attala] has not provided any report authored by Mr. Kaufman setting forth the opinions to which he intends to testify, the bases and reasons for those opinions, or any of the other content mandated by the applicable rules." Doc. #158 at 1, 2. As of the date Travelers filed the motion to strike, Attala's deadline for the disclosure of expert witnesses was March 14, 2025; Travelers' deadline for disclosure of expert witnesses was August 15, 2025; the expert-related discovery deadline was September 15, 2025; and the fact-related discovery deadline was October 10, 2025.[2] Docs. #76, #95.

On October 6, 2025, Judge Virden denied Travelers' motion to strike as "filed in contravention of L.U. Civ. R. 26(a)(3)," concluding that Local Rule 26(a)(3) "commands that, whether otherwise meritorious or not, the right of Travelers[] to challenge the designation for failure of the report to contain all of the necessary information required of specially retained experts has been waived as untimely filed." Doc. #178 at 18. "[D]uring a status conference held on October 7, 2025 … Magistrate Judge Virden clarified that she interpreted L. U. Civ. R. 26(a)(3)

[1] On March 31, 2026, granting in part Travelers' motion to dismiss, the Court dismissed Counts Two, Three, Four, and Five of the amended complaint. Doc. #276.

[2] The original case management order ("CMO") contained only one discovery deadline. Doc. #38. On March 4, 2025, based on the parties' joint motion, Judge Virden extended the deadlines and set separate deadlines for expert-related discovery and fact-related discovery. Doc. #76. On March 26, 2025, also based on the parties' joint motion, the undersigned extended, among other things, the deadlines for the defendants' disclosure of expert witnesses until August 15, expert-related discovery until September 15, and fact-related discovery until October 10. Doc. #95. On October 21, Judge Virden extended the fact-related discovery deadline until December 30. Doc. #201.

to require that the Motion to Strike be filed no later than thirty days before the September 15, 2025, deadline for completion of expert discovery under the CMO, as modified."[3]

On October 16, 2025, Travelers filed an objection to the October 6 order. Doc. #195. Attala responded to the objection on October 30, Doc. #210; and Travelers replied on November 6, Doc. #225.

## II
## <u>Standard</u>

Pursuant to Federal Rule of Civil Procedure 72, "[a] party may serve and file objections to the order [of a magistrate judge] within 14 days after being served with a copy." FED. R. CIV. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider [an order of a magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "The 'clearly erroneous' standard requires that the court affirm the decision of the magistrate judge unless 'on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed.'" *Landmark Am. Ins. Co. v. Port Royal by the Sea Condo. Owners Ass'n*, 619 F. Supp. 3d 719, 722 (S.D. Tex. 2022) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A finding is … 'contrary to law' if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 459 (S.D.N.Y. 2019) (quoting *MASTR Adjustable Rate Mortgs. Trust v. UBS Real Estate Sec. Inc.*, No. 12-CV-7322, 2013 WL 6840282, at *1 (S.D.N.Y. Dec. 27, 2013)). So, questions of law are reviewed de novo. *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014). The "textual interpretation

[3] In its original memorandum in support of its objection, Travelers represents (and Attala does not dispute) that Judge Virden said such during the status conference. Doc. #196 at 8–9.

of a court order is ultimately a legal question." *Id.* (quoting *In re Equalnet Commc'ns Corp.*, 51 F. App'x 483, 483 (5th Cir. 2002)).

**III**
**Discussion**

Travelers "requests this Court to reverse the Magistrate Judge's Order and grant [its] Motion to Strike," or "[a]lternatively, … to vacate the Order and remand the Motion to the Magistrate Judge for a ruling on the merits" on the grounds that "[Judge Virden] misapplied L. U. Civ. R. 26(a)(3) and … her conclusion that [it] had waived its right to challenge the adequacy of Kaufman's expert disclosure was clearly erroneous and contrary to law." Doc. #195 at 2–3. Travelers argues that "the Motion to Strike was timely presented under L. U. Civ. R. 26(a)(3), which provides that 'challenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived,'" because "[p]roper application of th[e] definition [of 'discovery deadline'] to the CMO in this case yields the conclusion that the 'discovery deadline' was October 10, 2025, making any party's challenge to the adequacy of an opponent's expert disclosures due no later than September 10, 2025—the date on which [it] filed its Motion to Strike." Doc. #196 at 2–3.

Attala responds that "[b]ecause Travelers' Motion to Strike was not filed at least 30 days prior to the close of expert discovery, [Travelers] waived its ability to challenge the inadequacy of the Kaufman Disclosure—via a motion to strike or any other procedural vehicle—and is precluded from any [sic] raising any challenges as to the inadequacy or insufficiency of the Kaufman Disclosure itself going forward;" "there is … nothing in the Local Rules which clearly ties [the 'discovery deadline'] to the completion of fact discovery when a separate expert discovery deadline has also been ordered by the court;" and "Travelers' conclusion that the 'discovery

deadline' in Local Rule 26(a)(3) can only mean the fact discovery cutoff on October 10, 2025, is incorrect." Doc. #211 at 6, 8–9.

Travelers replies that "[Attala] interpreted and applied Rule 26(a)(3)'s filing deadline just as [it] did" when Attala responded to its motion to strike because "[Attala] did not object to the timing of the Motion[ but] focused solely on the merits;" and "[t]he only logical interpretation of th[e] definition [of 'discovery deadline']—and the one consistent with the letter and spirit of L. U. Civ. R. 26(a)(3)—is that the 'discovery deadline' is the last day for completion of all fact witness depositions, all responses and supplemental responses to written discovery, and the supplementation of all initial disclosures pursuant to Rule 26(a)." Doc. #225 at 1–3 (emphasis omitted).

Local Rule 26(a)(3) provides that "[c]hallenges as to inadequate disclosure of expert witness(es) must be made no later than 30 days before the discovery deadline or will be deemed waived." Local Rule 26(b) specifies that "[t]he case management order will establish a firm discovery deadline." "The discovery deadline is that date by which all responses to written discovery, including supplementation of responses, required by the Federal Rules of Civil Procedure must be made and by which all depositions must be concluded. Supplementation of disclosures must be concluded by the discovery deadline." L. U. CIV. R. 26(b)(1). The Local Rules also contemplate setting multiple discovery deadlines. *See* L.U. CIV. R. 26(f)(4) (parties must "[d]etermine what discovery is required, when discovery should be completed, whether discovery should be conducted in phases").

Here, there were two different discovery deadlines. Because challenges to the disclosure of expert witnesses concern expert-related discovery, rather than fact-related discovery, it is logical to conclude that the "discovery deadline" for purposes of Local Rule 26(a)(3) is the expert-related

discovery deadline. Because Travelers filed its motion to strike Kaufman's disclosure later than thirty days before the expert-related discovery deadline, the motion to strike was untimely under Local Rule 26(a)(3).

Travelers argues that "[t]he error in the Magistrate Judge's interpretation and application of Local Rule 26(a)(3) is obvious when one considers the practical effect of the Court's ruling" because "[i]f one interprets L. U. Civ. R. 26(a)(3) … to require the parties to file a challenge to an opposing expert's designation 'no later than thirty days before' the September 15, 2025, deadline for completion of expert discovery, then [Attala] would have had one business day" to challenge any of its August 15 expert disclosures; and "[t]he parties did not intend such a result." Doc. #196 at 10–11. Attala responds that "the mere fact that the CMO, as amended, did not provide [it] with significant time to challenge the inadequacy of Travelers' expert disclosures – which is not at issue in this matter – is irrelevant to the analysis and adjudication of whether Travelers' Motion to Strike was filed timely." Doc. #211 at 7.

That the deadlines here would give *Attala* a very brief window to challenge Travelers' expert disclosures does not alter the meaning of Local Rule 26(a)(3) and the case management deadlines the Court set. Case management deadlines sometimes make it theoretically difficult or impossible for one or both of the parties to timely object to expert disclosures; this does not mean the deadlines are incorrect. *See, e.g., Williams v. Lighthouse Point, LLC*, No. 4:21cv80, 2022 WL 1063604, at *2 (N.D. Miss. Apr. 8, 2022) (deadlines made it "impossible, by one day, for [plaintiff] to have complied with the 30-day requirement"); *Guthrie v. Quitman Cnty. Hosp., LLC*, No. 3:13–CV–244, 2014 WL 8276240, at *2 (S.D. Miss. Dec. 18, 2024) (deadlines made objections due on the same day as disclosure). And this Court has enforced Local Rule 26(a)(3) even in such

situations.[4] *See Williams*, 2022 WL 1063604, at *2 (motion to strike denied as untimely despite impossibility of complying with deadline when "plaintiff did not seek court intervention until approximately two months after the disclosure itself was made, one month *after* the discovery deadline ran, and weeks after the alleged insufficiency was concededly recognized by him").

For all these reasons, Judge Virden's order denying as untimely Travelers' motion to strike Kaufman's disclosure was neither clearly erroneous nor contrary to law.

**IV**
**<u>Conclusion</u>**

Travelers' objection [195] is **OVERRULED**.

**SO ORDERED**, this 28th day of September, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[4] Courts have also declined to enforce Local Rule 26(a)(3) when enforcement of the rule would be unfair under the circumstances. *See, e.g., Guthrie*, 2014 WL 8276240, at *2 ("[I]n order to timely object to the expert designation, Plaintiff would have had to object the same day as he received the expert report. This is clearly counter to due process and the interests of justice, and would deprive Plaintiff of a meaningful opportunity to respond."). If *Attala* wanted to file a motion to strike any of Travelers' expert witnesses and had only one business day to do so, the Court could have exercised its discretion and declined to enforce Local Rule 26(a)(3) under those circumstances. *See Hebbler v. State Farm Fire & Cas. Co.*, No. 1:23-cv-247, 2024 WL 5161857, at *8 (S.D. Miss. Dec. 18, 2024) ("[A] district judge retains discretion in enforcing Local Rule 26(a)(3) based on the circumstances[.]"). But that is not the situation here. Travelers had approximately five months after Kaufman's disclosure to file its motion to strike. And any theoretical difficulty *Attala* may have had in challenging Travelers' expert witness disclosures is not relevant here and does not make Judge Virden's interpretation of the case management deadlines patently incorrect.